UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:01-cr-009 (B/F) |
| | ) | |
| BRIAN DENNY, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on August 25, 2009, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on August 21, 2009, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). Proceedings were held on September 2, 2009 and November 16, 2010, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.

On September 2, 2009, Mr. Denny appeared in person with his appointed counsel, William Marsh, the Indiana Federal Community Defender's Office. The government appeared by Brant Cook, Assistant United States Attorney. U. S. Parole and Probation appeared by Tasha Taylor, U. S. Parole and Probation officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Bill Marsh, the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Denny in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Denny and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Denny was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Denny was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Denny was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Denny had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation.

7. Mr. Marsh stated that Mr. Denny would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition. Mr. Denny executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. The parties agreed to continue further proceedings. This case was set on several occasions and was continued. The defendant was released on his own recognizance under previously ordered conditions of release with electronic monitoring, home detention, and self-pay added as a condition pending further proceedings before the Court. The revocation was subsequently held on November 16, 2010.

On November 16, 2010, the Court reviewed prior proceedings held September 2, 2009, including the defendant's right to a preliminary hearing. Mr. Denny appeared in person with his appointed counsel, Bill Marsh. The government appeared by Brant Cook, Assistant United States Attorney; and Tasha Taylor, U. S. Parole and Probation officer, appeared and participated in the proceedings. The following proceedings occurred:

1. Mr. Denny, by counsel, stipulated that he committed specifications of violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, with the exception of specifications of conditions numbered 2 and 3. The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 4 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On August 2, 2009, Mr. Denny was arrested by the Indianapolis Metropolitan Police Department. On August 13, 2009, Count 1, Dealing in Marijuana, felony; and Count 2, Possession of Marijuana, felony, were filed in the Marion County, Indiana, Superior Court 14 under cause number 49G140908-FD-071977. On August 17, 2009, Mr. Denny made an initial appearance on the charges.

According to the probable cause affidavit, on August 12, 2009, a detective from the Indianapolis Metropolitan Police Department was at a Federal Express location, where he was inspecting packages for

suspicious content. He located a package from the state of Texas, which he believed may have contained contraband and a dog trained to detect narcotics was utilized. The dog positively indicated a controlled substance was in the package. A search warrant was subsequently obtained and the detective located a microwave oven with marijuana inside of it. The package was resealed and delivered as addressed by an undercover office posing as a Federal Express delivery person. There was no answer and the package was left on the front door step. While surveillance was being conducted by several officers, the defendant was observed arriving at the residence, taking the package from the porch, and going into the house. A minute later, he left the residence and was stopped. The residence, which was a vacant home, was secured by the officers and the parcel was located inside. The defendant was arrested and told authorities he had been sent to retrieve the package which he knew contained marijuana. The marijuana subsequently tested positive in the amount of 3,621.71 grams (7.98 pounds).

Pursuant to a plea agreement, the original State charges were dismissed and the charge of Maintaining a Common Nuisance was filed. Mr. Denny entered a guilty plea. That charge was a D felony. Mr. Denny, pursuant to a plea agreement with the State of Indiana, entered a guilty plea and was sentenced under alternative misdemeanor sentencing to 10 days in jail.

Counsel for the parties stipulated the following:

(1) Mr. Denny and the government agreed they were ready to proceed to disposition on the pending Petition to revoke supervised release in open Court this date.

(2) Mr. Denny admitted he committed the modified violations of specifications set forth above. The government moved to dismiss specifications of violations 2 and 3, and the Court dismissed the same.

(3) Mr. Denny has a relevant criminal history category of I. *See*, U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Mr. Denny constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Mr. Denny is 4-10 months.

(6) The parties agreed on the appropriate disposition of the case as follows:

The defendant's supervised release would be modified to include 100 hours of community service at the discretion of his supervising United States Parole and Probation officer. Defendant is released from the current requirement of electronic monitoring. Defendant would return to the previously-imposed conditions of supervised release.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

2. The Court then placed Mr. Denny under oath and inquired directly of him whether he admitted committing the modified violations of supervised release above. Mr. Denny admitted the violations.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Brian Denny, violated the above-delineated conditions in the Petition.

Mr. Denny's supervised release is therefore **MODIFIED** to include 100 hours of community service at the discretion of his supervising United States Parole and Probation officer. Defendant is released from the current requirement of electronic monitoring. Defendant is to return to the previously-imposed conditions of supervised release.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Mr. Denny's supervised release.

Counsel for the parties and Mr. Denny stipulated in open Court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana*.

Counsel for the parties and Mr. Denny entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure*, and/or may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation, upon which she may consider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Mr. Denny's supervised release.

**IT IS SO RECOMMENDED** this 17th day of November, 2010.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Brant Cook,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Marsh,
Indiana Federal Community Defender
111 Monument Circle, Suite 752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal