UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:01-cr-0009   (B/F) |
| | ) | |
| BRIAN DENNY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on January 3, 2012, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on December 27, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). Proceedings were held on January 10, 2012 and January 26, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 10, 2012, Mr. Denny appeared in person with his appointed counsel, William Marsh, the Indiana Federal Community Defender's Office. The government appeared by Brant Cook, Assistant United States Attorney. U. S. Parole and Probation appeared by Tasha Taylor, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recoding equipment unless otherwise noted. *See*, Title 18, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Bill Marsh, the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Denny in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Denny and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Denny was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Denny was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Denny was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Denny had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation.

7. Mr. Marsh stated that Mr. Denny would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition. Mr. Denny executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. The defendant orally moved to continue the revocation hearing to another date, and the same was granted.

On January 26, 2012, the Court reviewed prior proceedings held January 10, 2012, including defendant's waiver of the preliminary hearing. Mr. Denny appeared in person, with his appointed counsel, William Marsh. The government appeared by Brant Cook, Assistant United States Attorney and Tasha Taylor, United States Parole and Probation officer, appeared and participated in the proceedings.

1. Counsel for the parties informed the Court that they were ready to proceeding with the revocation hearing.

2. Mr. Denny, by counsel, stipulated that he committed specification of violation numbered 5, but did not stipulate as to specifications of violations numbered 1, 2, 3 and 4 as set forth in the Petition for Warrant or Summons for an Offender Under Supervision.

3. Upon that admission, the government agreed to dismiss specifications of violations numbered 1, 2, 3 and 4, and the Court granted the same. The Court finds there is a basis in fact for his admission and accepts the same.

4. The violation admitted to in the Petition is as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **5** | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |
| | The defendant failed to notify the probation officer of his arrest as required. The probation officer learned of it on December 9, 2011, when a Federal Bureau of Investigation (FBI_ flash notice was received. On December 16, 2011, Mr. Denny was confronted by the probation officer and said he failed to disclose his arrest because he did not "have the heart." |

The Court placed Mr. Denny under oath and directly inquired of him whether he admitted violations of the specifications of his supervised release set forth above. Mr. Denny stated that he admitted violation of specification numbered 5, but did not admit violations of specifications numbered 1, 2, 3 and 4 in the Petition. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties stipulated the following:

(1) Mr. Denny has a relevant criminal history category of I. *See*, U.S.S.G. §7B1.4(a).

(2) Counsel for the parties informed the Court that, under the totality of the circumstances in this case and, in consideration of the government's dismissing violations of specifications 1, 2, 3 and 4, the appropriate disposition of the case is imprisonment of 27 months in the custody of the Attorney General or his designee, with no supervised release to follow.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Brian Denny, violated the above-delineated conditions in the Petition.

Mr. Denny's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 27 months. After service of his sentence, Mr. Denny shall not be subject to supervised release. It is recommended that Mr. Denny be designated to the Farm Camp at the Federal Correctional Complex at Terre Haute, Indiana.

The Magistrate Judge requests that Tasha Taylor, United States Parole and Probation officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Denny stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana*.

**WHEREFORE**, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Denny's supervised release and the sentence imposed of imprisonment of 27 months in the custody of the Attorney General or his designee. After service of the sentence, the defendant will not be subject to supervised release. It is recommended that Mr. Denny be designated to the Farm Camp at the Federal Correctional Complex in Terre Haute, Indiana.

**IT IS SO RECOMMENDED** this 26th day of January, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Brant Cook,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

William Marsh,
Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service